On the Merits,
The plaintiff sued on a note secured by mortgage, andón an account.
The defendant pleaded the general issue, that the debt is her husband’s, and res judicata as to the note, and no ownership in plaintiff as to the account, praying for a full and final judgment in her favor, forever quieting her in all matters relating to Richard Nugent & Co., and transferrees, and decreeing that she is in no manner indebted to the plaintiff in this suit, either on account, or by reason of any note or mortgage, as set forth in the petition.
It appears that on the day of trial to which the case had previously-been continued, a motion was made for another continuance by two of *631 the attorneys representing the plaintiff, on the ground that theleading counsel was absent and unable to attend at the term of the Court, and other reasons which are not insisted upon here; that the Judge refused the continuance; that thereupon, a request was made by the attorneys to withdraw from the case, which was granted. Before retiring, they took no bill of exceptions.
The record does not show that the plaintiff was absent and not otherwise represented, or that evidence was not heard. The judgment rendered is in these words :
“ In this cause, after issue joined, the case coming on to be tried according to previous assignment, the law and the evidence being in favor of the defendant, it is, therefore, ordered, adjudged and decreed, that there be judgment in favor of the defendant and rejecting plaintiff’s demand. It is further ordered, adjudged, and decreed, that the plaintiff pay all costs of this suit.” .
That is the judgment appealed from. In this Court, the plaintiffhas filed an assignment of error. It charges:
1. That the judgment was rendered without any evidence whatsoever being produced to the Court in support of the same.
2. That the plaintiff and her counsel being absent, when -the cause was tried, it was unlawful to render any judgment but one of non-suit.
First. It is no fault, of the appellee that the record does not contain, the evidence which the Judge says was heard. She was not bound to have it taken in writing. The appellant, under the law and the jurisprudence, should have secured a statement of facts before appealing. C. P. 602, 603; H. D. 80 ; L. D. 48. She has failed to do so. We must presume that the Judge had sufficient evidence before him to justify his judgment, which we cannot reverse on that ground.
Second. Even if the plaintiff was not present, or was not represented, it was no reason why the defendant, who had set up a serious and substantial demand, which could have formed the basis for a distinct suit, and who had prayed for a specific judgment, should not have pro-, needed with the case. This is no longer an open question. 33 A. 415; 11 A. 287 ; 5 A. 298 ; 13 A. 343.
We are unable, under the circumstances, to review the judgment and say that it is incorrect.
It is, therefore, affirmed with costs.